Richard J. McCord, Esq.
Carol A. Glick, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Richard J. McCord, Esq., Trustee,
Estate of Louis M. Borek
90 Merrick Avenue
East Meadow, NY 11554
Telephone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

LOUIS M. BOREK,

                                    Chapter 7
                                    Case No.: 16-42540-ess

                              Debtor.
-------------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., as Chapter 7 Trustee of
the Estate of LOUIS M. BOREK,

                              Plaintiff,            **COMPLAINT**

        - against -
                                                    Adv. Proc. No.

ARIHAY KAIKOV a/k/a
ARI KAIKOV and
USP AEROSPACE SOLUTIONS, INC.,

                              Defendants.
-------------------------------------------------------------------X

        Plaintiff, Richard J. McCord, Esq., the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of

the bankruptcy estate of Louis M. Borek (the "Debtor"), by and through his attorneys, Certilman

Balin Adler & Hyman, LLP, complaining of the defendants, Arihay Kaikov a/k/a Ari Kaikov

("Kaikov") and USP Aerospace Solutions, Inc. ("USP") (USP and Kaikov, collectively, the

"Defendants"), respectfully alleges and sets forth to this Court as follows:

## JURISDICTION AND PARTIES

        1.      This action arises under 11 U.S.C. §§ 541, 544, 548, 550, 551 and Rules 6009,

7001 and 7008 of the Federal Rules of Bankruptcy Procedure (hereinafter "Bankruptcy Rules"),

1

§ 270 *et seq.* of the New York Debtor and Creditor Law ("DCL"), and New York common law.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§157 and 1334. The statutory predicate for this proceeding is 11 U.S.C. §§105, 541, 544, 558, 550, 551 and Bankruptcy Rules 6009, 7001 and 7008, as this action arises in and under the pending Chapter 7 case of the Debtor.  Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Judge.

3.      This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O) and § 1334.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5.      The Plaintiff is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. § 704, having been appointed on June 8, 2016.

6.      Upon information and belief, defendant Kaikov resides at 382 I.U. Willets Road, Roslyn Heights, New York 11577.

7.      Upon information and belief, defendant USP is a New York Corporation with its principal place of business located at 81 E. Jefryn Boulevard, Unit G, Deer Park, New York 11729.

**BACKGROUND FACTS**

8.      On June 8, 2016 (the "Petition Date"), the Louis M. Borek (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of title 11 of the United States Code.  Debtor is represented in this case by Ronald Lenowitz, Esq., 7600 Jericho Turnpike, Suite 300, Woodbury, New York 11797.

9.      The Trustee examined the Debtor at the §341A Meeting of Creditors on July 13, 2016.

5638176.2

10.    Schedule B of the Debtor's bankruptcy petition reflects that the Debtor is a 10% owner of defendant USP.

11.    The Debtor's Statement of Financial Affairs ("SOFA"), specifically reflects, at question 27, the Debtor's ownership interest in Unlimited Screw Products ("Unlimited"), which he operated from 1969 through 2014.

12.    Item 27 of the Debtor's SOFA also reflects the Debtor's 100% ownership of L.M. Borek Realty LLC. ("Borek Realty"), which as of the Petition Date owned an interest in real property located at 87 East Jefryn Boulevard, Deer Park, New York 11702 (the "Deer Park Property").

13.    An entity search of the website of the NYS Department of State, Division of Corporations, reflects that Borek Realty is an active New York limited liability company organized on March 21, 2007.  A copy of the NYS Department of State Entity Information record for Borek Realty is annexed hereto as **Exhibit A**.

14.    In 2013, the Debtor, Unlimited and Borek Realty were named as defendants in an action commenced in the Supreme Court of the State of New York, County of Nassau ("State Court"), captioned *Town of Babylon Industrial Development Agency v. L. M. Borek Realty LLC, Unlimited Screw Products, Inc., and Louis M. Borek*, under index number 25726/2013 (the "State Court Action"), seeking a money judgment in the amount of $265,240.00, arising out of a June 2007 loan by IDA to Borek Realty, and the failure of Unlimited, as tenant, to make payments in lieu of taxes to IDA, together with interest from May 31, 2009, attorneys' fees, costs and disbursements of the action.

15.    On January 15, 2016, the State Court issued a default judgment against the Debtor, Borek Realty, and Unlimited, jointly and severally, in the sum of $265,240.00, plus

3

interest from May 31, 2009 for an amount of $158,922.00, plus attorney's fees in the sum of $22,760.00, plus costs and disbursements taxed at $578.00, for a total of $447,500.00 ("State Court Judgment").

16.    Based on the State Court Judgment, the Town of Babylon Industrial Development Agency ("IDA") asserts a general unsecured claim in the sum of $463,499.65 against the Chapter 7 estate as of the Petition Date.  See Claim No. 2 filed herein by IDA, a copy of which is annexed hereto as **Exhibit B**.

17.    In June 2009, Borek Realty and Integrated Technology Lab, Inc. ("Integrated") entered into a written lease agreement (the "Sub-Lease"), whereby Borek Realty provided possession of the Deer Park Property to Integrated in exchange for monthly rental payments of $5,100.00 each (the "Rent").

18.    At all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Borek Realty in relation to the transactions which are the subject of the Complaint.

19.    Upon information and belief, the Debtor and Borek Realty are alter egos of each other.

20.    Although Borek Realty is the lessor under the Sub-Lease with Integrated, during the period April 1, 2015 through February 18, 2016, the Debtor caused Integrated to make seven (7) Rent payments, totaling $36,406.25, directly to defendant USP (the "Rent Transfers").

21.    Defendant Kaikov testified, under oath, at a deposition conducted by the Trustee on November 14, 2016, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and an Order authorizing said examination dated August 19, 2016 (the "Kaikov 2004 Exam").

22.     Kaikov testified at the Kaikov 2004 Exam that he owns 90% of the issued and outstanding shares of defendant USP, for which he paid $50,000.00, which is the only capital contribution made to USP.  Kaikov also testified that his share ownership in USP is a passive investment and that he does not participate in the operation of the business of USP.

23.     Kaikov further testified that the Debtor owns the other 10% of the issued and outstanding shares of defendant USP, is President of USP and manages its day-to-day operations.

24.     Philip Goldfarb, C.P.A., co-managing partner of Weisberg, Mole, Krantz & Goldfarb, LLP, the accountants for the Debtor, Unlimited and USP, testified, under oath on November 2, 2016, pursuant to Bankruptcy Rule 2004 and an Order authorizing said examination dated August 15, 2016 (the "Goldfarb 2004 Exam").

25.     Goldfarb testified at the Goldfarb 2004 Exam that the Debtor was the principal and 100% shareholder of Unlimited, which was a distributor of hardware, connectors and screw products.

26.     Goldfarb also testified that the 2015 New York State corporation tax return for Unlimited, dated July 7, 2016 (the last year for which Goldfarb prepared a return), was not marked a "final" return, even though Unlimited ceased operations in approximately March 2015.

27.     Godfarb further testified that, during 2015, substantially all of Unlimited's assets (except for approximately $15,000 in cash) and all of its liabilities were transferred and/or assigned to USP.

28.     At all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Unlimited in relation to the transactions which are the subject of the Complaint.

5

29.     Upon information and belief, the Debtor and Unlimited are alter egos of each other.

30.     Although Goldfarb testified that Unlimited ceased operating in March, 2015, an entity search of the website of the NYS Department of State, Division of Corporations, reflects that Unlimited is still an active corporation.  A copy of the NYS Department of State Entity Information record for Unlimited is annexed hereto as **Exhibit C**.

31.     An entity search of the website of the NYS Department of State, Division of Corporations, reflects that USP was incorporated under the laws of the State of New York on March 16, 2015 by Ronald Lenowitz, Esq., 7600 Jericho Turnpike, Suite 300, Woodbury, New York 11797, the same attorney that filed the Debtor's Chapter 7 case.  A copy of the NYS Department of State Entity Information record for Unlimited is annexed hereto as **Exhibit D**.

32.     Upon information and belief, defendant Kaikov is the 90% owner of USP.

33.     Upon information and belief, USP is in the same business as Unlimited, and USP continues to distribute nuts, bolts and screws to an entity which was formerly the largest customer of Unlimited.

34.     Upon information and belief, the Debtor is President and chief operating officer of USP and, Debtor's Schedule I reflects that Debtor receives a salary of $2,000.00 per week from USP in connection with said employment.

35.     Upon information and belief, prior to the Petition Date, the Debtor did not receive goods or services from USP.

36.     Upon information and belief, prior to the Petition Date, neither Unlimited nor Borek Realty received goods or services from USP.

37.     Neither Kaikov nor USP is listed as a creditor in the Debtor's Schedules.

6

38.     Prior to the Petition Date, and at the time the pre-petition transfers which are the subject to this Complaint, the Debtor could not pay his debts as they came due.

39.     Prior to the Petition Date, and at the time of the pre-petition transfers which are the subject of this Complaint, the Debtor was insolvent or was rendered insolvent thereby.

40.     Between March 31, 2015 and April 28, 2016, the Debtor caused numerous transfers to be made, from bank accounts maintained and or controlled by him, Borek Realty, and/or Unlimited, to or for the benefit of Kaikov and/or USP, including, without limitation, the Rent Transfers—which were obligations of Integrated to Borek Realty under the Sub-Lease—(collectively, the "Two-Year Transfers"), in the total amount of $719,696.48. A list of the Two-Year Transfers is annexed hereto as **Exhibit E**.

41.     The Two-Year Transfers were made to or for the benefits of the Defendants while the State Court Action was pending against the Debtor, Unlimited and Borek Realty and/or after the entry of the State Court Judgment in favor of IDA.

42.     Upon information and belief, the Two-Year Transfers, consisting of Debtor's funds, the funds of Unlimited, an entity over which the Debtor exercised complete domination and control, and/or the Rent due from Integrated to Borek Realty under the Sub-Lease, were made without fair consideration, diminished the bankruptcy estate which came into existence upon the filing of the Debtor's Chapter 7 Petition, and conferred no benefit on the Debtor.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
**11 U.S.C. §§ 548(a)(1)(A), 550, 551**

43.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "42" as though more fully set forth word for word herein.

44.     At all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Unlimited.

7

45.     Upon information and belief, the Debtor and Unlimited are alter egos of each other.

46.     Upon all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Borek Realty.

47.     Upon information and belief, the Debtor and Borek Realty are alter egos of each other.

48.     Between March 31, 2015 and April 28, 2016, the Debtor caused the Two-Year Transfers to be made from accounts maintained and/or controlled by him and/or Unlimited to or for the benefit of the Defendants in the total amount of $719,696.48. *See Exhibit E* annexed hereto.

49.     The Two-Year Transfers were made within two (2) years of the Petition Date.

50.     The Two-Year Transfers were made from accounts maintained and/or controlled by the Debtor and/or Unlimited, and constituted an interest of the Debtor in property.

51.     The Two-Year Transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors, including IDA, under Bankruptcy Code § 548(a)(1)(A).

52.     Based upon the foregoing, the Plaintiff is entitled to a judgment avoiding the Two-Year Transfers under Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551, and recovering from Defendants the amount thereof, which is not less than $719,696.48, plus appropriate interest thereon.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**AGAINST THE DEFENDANTS**
**11 U.S.C. §§ 548(a)(1)(B), 550, 551**

53.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "52" as though more fully set forth word for word herein.

8

5638176.2

54.    At all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Unlimited.

55.    Upon information and belief, the Debtor and Unlimited are alter egos of each other.

56.    Upon all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Borek Realty.

57.    Upon information and belief, the Debtor and Borek Realty are alter egos of each other.

58.    Between March 31, 2015 and April 28, 2016, the Debtor caused the Two-Year Transfers to be made from accounts maintained and/or controlled by him and/or Unlimited to or for the benefit of the Defendants in the total amount of $719,696.48. *See Exhibit E* annexed hereto.

59.    The Two-Year Transfers were made within two (2) years of the Petition Date.

60.    The Two-Year Transfers were made from accounts maintained and/or controlled by the Debtor and/or Unlimited, and constituted an interest of the Debtor in property.

61.    The Debtor received less than a reasonably equivalent value in exchange for the Two-Year Transfers.

62.    Upon information and belief, the Debtor (i) was insolvent on the date that the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers, (ii) were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

5638176.2

63.    The Two-Year Transfers constitute avoidable transfers pursuant to Bankruptcy Code § 548(a)(1)(B).

64.    Based upon the foregoing, the Plaintiff is entitled to judgment against the Defendants avoiding the Two-Year Transfers under Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551, and recovering from Defendants an amount equal to the Two-Year Transfers, which amount is not less than $719,696.48, plus appropriate interest thereon.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
**11 U.S.C. §§ 544(b), 550, DCL § 273**

65.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "64" as though more fully set forth word for word herein.

66.    At all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Unlimited.

67.    Upon information and belief, the Debtor and Unlimited are alter egos of each other.

68.    Upon all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Borek Realty.

69.    Upon information and belief, the Debtor and Borek Realty are alter egos of each other.

70.    Between March 31, 2015 and April 28, 2016, the Debtor caused the Two-Year Transfers to be made from accounts maintained and/or controlled by him and/or Unlimited to or for the benefit of the Defendants in the total amount of $719,696.48. *See Exhibit E* annexed hereto.

5638176.2

71.     Upon information and belief, the Debtor was either insolvent at the time he caused the Two-Year Transfers to be made to Defendants or was rendered insolvent thereby within the meaning of DCL § 271.

72.     Upon information and belief, on the dates of the Two-Year Transfers, the value of the Debtor's assets was less than the amount required to pay the Debtor's existing debts as such debts became absolute and mature.

73.     Upon information and belief, the Debtor did not receive fair consideration in exchange for the Two-Year Transfers within the meaning of DCL § 272.

74.     Upon information and belief, as of the Petition Date, there existed actual unsecured creditors of the Debtors (*e.g.*, IDA) which could have avoided any transfer of an interest of the Debtors in property that is avoidable under DCL § 273 by an unsecured creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

75.     Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

76.     Upon information and belief, the Two-Year Transfers were fraudulent transfers pursuant to DCL § 273 since the Debtor did not receive fair consideration therefor.

77.     By virtue of the foregoing, Plaintiff is entitled to judgment against Defendants pursuant to DCL § 273 finding that the Two-Year Transfers were fraudulent conveyances and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551, and awarding the Plaintiff damages in the sum of not less than $719,696.48, plus appropriate interest thereon.

11

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## <u>AGAINST THE DEFENDANTS</u>
### 11 U.S.C. §§ 544(b), 550, 551 DCL § 274

78.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "79" as though more fully set forth word for word herein.

79.     At all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Unlimited.

80.     Upon information and belief, the Debtor and Unlimited are alter egos of each other.

81.     Upon all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Borek Realty.

82.     Upon information and belief, the Debtor and Borek Realty are alter egos of each other.

83.     Between March 31, 2015 and April 28, 2016, the Debtor caused the Two-Year Transfers to be made from accounts maintained and/or controlled by him and/or Unlimited to or for the benefit of the Defendants in the total amount of $719,696.48. *See Exhibit E* annexed hereto.

84.     Upon information and belief, on the dates of the Two-Year Transfers, the Debtor was engaged in a business for which the assets remaining in his hands represented an unreasonably small capital.

85.     Upon information and belief, on the dates of the Two-Year Transfers, the value of all of the Debtor's assets was less than the amount required to pay the Debtors existing debts as such debts became absolute and mature.

86.     Upon information and belief, the Debtor did not receive fair consideration in exchange for the Two-Year Transfers within the meaning of DCL § 272.

12

87.    Upon information and belief, as of the Petition Date, there existed actual unsecured creditors of the Debtor (*e.g.*, IDA) which could have avoided any transfer of an interest of the Debtor in property that is avoidable under DCL § 274 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

88.    Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

89.    Upon information and belief, the Two-Year Transfers were fraudulent transfers as to the Debtor's creditors since such transfers left the Debtor with unreasonably small capital.

90.    By virtue of the foregoing, Plaintiff is entitled to judgment against Defendants pursuant to DCL § 274 finding that the Two-Year Transfers were fraudulent conveyances and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551 and awarding the Plaintiff damages in the sum of not less than $719,696.48, plus appropriate interest thereon.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
#### 11 U.S.C. §§ 544(b), 550, 551 DCL § 275

91.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "90" as though more fully set forth word for word herein.

92.    At all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Unlimited.

93.    Upon information and belief, the Debtor and Unlimited are alter egos of each other.

13

94.    Upon all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Borek Realty.

95.    Upon information and belief, the Debtor and Borek Realty are alter egos of each other.

96.    Between March 31, 2015 and April 28, 2016, the Debtor caused the Two-Year Transfers to be made from accounts maintained and/or controlled by him and/or Unlimited to or for the benefit of the Defendants in the total amount of $719,696.48. *See Exhibit E* annexed hereto.

97.    Upon information and belief, on the dates of the Two-Year Transfers, the Debtor knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

98.    Upon information and belief, as of the Petition Date, there existed actual unsecured creditors of the Debtor (*e.g.*, IDA) which could have avoided any transfer of an interest of the Debtor in property that is avoidable under DCL § 275 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

99.    Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

100.    The Two-Year Transfers were fraudulent conveyances pursuant to DCL § 275.

101.    Accordingly, Plaintiff is entitled to judgment against Defendants finding that the Two-Year Transfers were fraudulent conveyances pursuant to DCL § 275 and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551 and

14

awarding the Plaintiff damages in the sum of not less than $719,696.48, plus appropriate interest thereon.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
11 U.S.C. §§ 544(b), 550, 551 DCL § 276

102.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "101" as though more fully set forth word for word herein.

103.    At all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Unlimited.

104.    Upon information and belief, the Debtor and Unlimited are alter egos of each other.

105.    Upon all times relevant to the claims set forth in this Complaint, the Debtor exercised complete domination and control over the business and assets of Borek Realty.

106.    Upon information and belief, the Debtor and Borek Realty are alter egos of each other.

107.    Between March 31, 2015 and April 28, 2016, the Debtor caused the Two-Year Transfers to be made from accounts maintained and/or controlled by him and/or Unlimited to or for the benefit of the Defendants in the total amount of $719,696.48. *See Exhibit E* annexed hereto.

108.    Upon information and belief, as of the Petition Date, there existed actual unsecured creditors of the Debtor (*e.g.*, IDA) which could have avoided any transfer of an interest of the Debtor in property that is avoidable under DCL § 276 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

109.    Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

110.    During the period March 31, 2015 through April 28, 2016, the Debtor caused the Two-Year Transfers to be made to or for the benefit of Defendants in the total amount of $719,696.48.

111.    The Two-Year Transfers in the amount of $719,696.48 could have been utilized to pay the claim of the IDA.

112.    The Two-Year Transfers were made with actual intent to defraud the Debtor's creditors, including the IDA.

113.    By virtue of the foregoing, Plaintiff requests a judgment against Defendants finding that the Two-Year Transfers were fraudulent conveyances pursuant to DCL § 276 and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551 and awarding the Plaintiff damages in the sum of not less than $719,696.48, plus appropriate interest thereon.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
#### 11 U.S.C. §§ 544(b), 550, DCL § 276-a

114.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "113" as though more fully set forth word for word herein.

115.    In the event the Court determines that the Plaintiff may avoid the Two-Year Transfers and recover the value thereof for the benefit of the Estate pursuant to Bankruptcy Code §§ 544(b) and 550 and DCL § 276, the Plaintiff is entitled to an award of attorneys' fees and expenses pursuant to DCL § 276-a.

5638176.2

116.    By virtue of the foregoing Plaintiff seeks a judgment in the amount of the attorneys' fees and expenses it incurs in connection with this action.

### AS AND FOR A EIGHTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
#### Unjust Enrichment

117.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "116" as though more fully set forth word for word herein.

118.    The Two-Year Transfers made to Defendants were impermissible transfers of the Debtor's interest in property.  Consequently, Defendants were the ultimate beneficiary of such transfers under circumstances in which Defendants would be unjustly enriched if they were to retain such transfers, since the Debtor did not receive reasonably equivalent value therefor.

119.    As a result, Defendants have been unjustly enriched and may not in equity and good conscience retain the Two-Year Transfers.

120.    Based upon the foregoing, Defendants are liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less than $719,696.48, plus appropriate interest thereon.

### RESERVATION OF RIGHTS

121.    It is the intent of the Plaintiff to recover the transfers of property of the Debtor, Borek Realty and/or Unlimited (entities over which the Debtor exercised complete domination and control) made prior to the Petition Date and, as such, hereby specifically reserves its rights to amend this Complaint to seek to recover such additional transfers, if any, not specifically identified herein, to bring any and all other causes of action that it may maintain against the Defendants, including, without limitation, causes of action arising out of the same transaction(s) and occurrences set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such additional transfers or further causes of action.

17

**WHEREFORE,** Plaintiff prays for a judgment granting the relief against the Defendants as set forth below:

(a)     Avoidance and recovery of the Two-Year Transfers in the sum of not less than $719,696.48, plus interest, as fraudulent transfers pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550 and 551;

(b)     Avoidance and recovery of the Two-Year Transfers in the sum of not less than $719,696.48, plus interest, as fraudulent transfers pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550 and 551;

(c)     Avoidance and recovery of the Two-Year Transfers in the sum of not less than $719,696.48, plus interest, pursuant to DCL § 273 and Bankruptcy Code §§ 544(b), 550 and 551;

(d)     Avoidance and recovery of the Two-Year Transfers in the sum of not less than $719,696.48, plus interest, pursuant to DCL § 274 and Bankruptcy Code §§ 544(b), 550 and 551;

(e)     Avoidance and recovery of the Two-Year Transfers in the sum of not less than $719,696.48, plus interest, pursuant to DCL § 275 and Bankruptcy Code §§ 544(b), 550 and 551;

(f)     Avoidance and recovery of the Two-Year Transfers in the sum of not less than $719,696.48, plus interest, pursuant to DCL § 276 and Bankruptcy Code §§ 544(b) 550 and 551;

(g)     An award of attorneys' fees pursuant to DCL § 276-a and Bankruptcy Code § 544(b);

(h)     Judgment that Defendants are liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less than $719,696.48, plus appropriate interest thereon; and

(j)     An award of such other and further relief the Court deems just and proper.

Dated:  East Meadow, New York
        October 30, 2017          **CERTILMAN BALIN ADLER & HYMAN, LLP**
                                  Attorneys for Chapter 7 Trustee, Richard J. McCord

                                  By:     /s/ Richard J. McCord_____
                                          Richard J. McCord
                                          Carol A. Glick
                                          90 Merrick Avenue
                                          East Meadow, New York 11554
                                          Phone: (516) 296-7000

18